■ JOHN MORALES, Appellant, v HEFRAN REALTY CO., INC., Defendant, and HORIZON ELEVATOR CO., INC., Defendant and Third-Party Plaintiff-Respondent. DUNHILL MANUFACTURING & DISTRIBUTING CORP., Third-Party Defendant-Respondent. [609 NYS2d 850] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated December 31, 1991, which granted the motion of the defendant Horizon Elevator Co., Inc., to dismiss the complaint insofar as it is asserted against it, and the motion of the third-party defendant Dunhill Manufacturing & Distributing Corp. to dismiss the third-party complaint.

Ordered that the order is affirmed, with one bill of costs.

Summary judgment was properly granted in favor of the movants because there is no evidence in the record that the subject accident resulted from the negligence of the Horizon Elevator Co., Inc. (hereinafter Horizon). Additionally, there is no evidence that Horizon had knowledge of the allegedly defective condition or failed to use reasonable care to discover and correct a condition which it ought to have found (see, Rogers v Dorchester Assocs., 32 NY2d 553, 559; see also, Di Marco v Westinghouse Elec. Corp., 170 AD2d 760). Upon dismissal of the main action, the third-party action commenced by Horizon was also properly dismissed. Sullivan, J. P., Santucci, Goldstein and Floria, JJ., concur.