■ ELEANOR FARMER, Respondent, v CENTRAL ELEVATOR, INC., Appellant. [679 NYS2d 636] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated January 23, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action against the defendant to recover damages for personal injuries she allegedly sustained when she tripped and fell while exiting a misleveled elevator at the nursing home where she worked.

"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for

failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assocs.,* 32 NY2d 553, 559). The defendant made a prima facie showing that it did not have actual or constructive notice of the allegedly defective condition (*see, Tashjian v Strong & Assocs.,* 225 AD2d 907; *Morales v Hefran Realty Co.,* 202 AD2d 407). The defendant's repair records for the subject elevator did not reveal any previous misleveling problem. The plaintiff testified at her deposition that she rode the elevator at the facility several times every workday prior to the accident and never noticed that it misleveled.

In opposition to the motion, the plaintiff submitted an affidavit by her supervisor, in which she stated that she knew that "from time to time * * * the elevators were broken" and that there were "intermittent problems". This was insufficient to create a triable issue of fact.

The plaintiff's argument based on the theory of res ipsa loquitur is unpreserved for appellate review. Proof might have been offered by the defendant to refute that theory had it been presented to the Supreme Court in the first instance (*see, Pellicane v Lambda Chi Alpha Fraternity,* 228 AD2d 569; *Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561). Accordingly, the defendant's motion for summary judgment must be granted. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.