■ SARRA VAYNSHTEYN et al., Appellants, v IRVING COHEN et al., Respondents. [698 NYS2d 249] —In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Rappaport, J.), dated June 29, 1998, which granted the defendants' respective

motions for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court, dated November 24, 1998, which denied the plaintiffs' motion to renew and/or reargue, which was, in effect, for reargument.

Ordered that the appeal from the order dated November 24, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 29, 1998, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff Sarra Vaynshteyn was injured in a fall which occurred while exiting an elevator located in a building owned by the defendant 665 Parkway Company. She and her husband commenced this action against the 665 Parkway Company, the company's partners, Irving Cohen and Sidney Roth, and the company which serviced and maintained the elevator, the Arista Elevator Company, Inc. The complaint stated that the defendants were negligent in allowing the dangerous condition of a misleveled elevator to exist and that this negligence was a proximate cause of the accident. Following depositions, the court granted the defendants' respective motions for summary judgment dismissing the complaint. We affirm.

After the defendants made out a prima facie case for summary judgment, the plaintiffs failed to establish a triable issue of fact that any of the defendants had created the dangerous condition complained of or had actual or constructive notice thereof (*see, Burgess v Otis El. Co.,* 114 AD2d 784, *affd* 69 NY2d 623). In addition, at their depositions neither of the plaintiffs could state with surety what caused the accident nor could they state whether they had noticed that the elevator had been misleveled in the past (*see, Farmer v Central El.,* 255 AD2d 289).

Contrary to the plaintiffs' contention, the court did not err in failing to consider the doctrine of res ipsa loquitor. This accident could have occurred without any negligence on the part of any of the defendants as testimony adduced during depositions allowed the inference that Sarra, who was attempting to open the exterior door of the elevator, lost her balance when that door was unexpectedly opened by a person waiting for the elevator (*see, Braithwaite v Equitable Life Assur. Socy.,* 232 AD2d 352).

Finally, the court properly treated the plaintiffs' motion to

renew and/or reargue as a motion to reargue. The plaintiff failed to introduce any new evidence that was not available at the time their opposition papers to the defendants' motions were filed (*see, Bossio v Fiorillo,* 222 AD2d 476). As no appeal lies from an order denying a motion for leave to reargue (*see, Carson v New York City Tr. Auth.,* 237 AD2d 242), the plaintiffs' appeal from that order must be dismissed. Friedmann, J. P., Florio, Schmidt and Smith, JJ., concur.