■ Barbara Gleeson-Casey et al., Respondents, v Otis Elevator Company, Appellant. (And Third-Party Actions.) [702 NYS2d 321] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated October 22, 1998, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 10, 1995, the plaintiff Barbara Gleeson-Casey, a delivery room nurse at South Nassau Communities Hospital, sustained injuries when she was about to enter an elevator with a transporter carrying a newborn baby. The transporter came to an abrupt stop due to a misleveled elevator car, causing her to be thrown off balance.

The plaintiffs commenced this action against Otis Elevator Company, which had an exclusive contract with the hospital for the service and maintenance of the subject elevator, for alleged negligence in performing routine maintenance, inspection, and repair. Finding an issue of fact as to whether the leveling mechanism broke spontaneously or due to wear, the Supreme Court denied the defendant's cross motion for summary judgment dismissing the complaint. We affirm.

The law is well settled that "[a]n elevator company which

agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assocs.*, 32 NY2d 553, 559; *see also, Farmer v Central El.*, 255 AD2d 289). In support of its cross motion, the defendant submitted an expert's affidavit averring that the Bakelite casing of the leveling brush broke spontaneously. Therefore, it was unaware of and could not have reasonably discovered the allegedly defective condition, and thus was entitled to summary judgment (*see, Nivens v New York City Hous. Auth.*, 246 AD2d 520, 521; *Morales v Hefran Realty Co.*, 202 AD2d 407). The plaintiffs, however, submitted an affidavit of their expert to rebut the defendant's claim that the leveling brush broke spontaneously and not due to wear and tear. The plaintiffs' expert stated that proper maintenance and inspection would have revealed excessive wear, requiring replacement.

The conflicting affidavits of the parties' experts raise an issue of fact as to whether the break of the Bakelite portion of the brush was spontaneous and unpredictable or due to wear. Since "the weight to be afforded the conflicting testimony of experts is a matter particularly within the province of the jury" (*Guzman v Saks Fifth Ave. Corp.*, 141 AD2d 801), the defendant's cross motion for summary judgment was properly denied (*see, Alsaydi v GSL Enters.*, 238 AD2d 533). Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.