■ JEAN BROWN et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant, and CITY OF NEW YORK et al., Respondents. [707 NYS2d 348] —In an action, *inter alia*, to recover damages for wrongful death, etc., the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), entered June 21, 1999, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs payable by the plaintiffs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiffs alleged, *inter alia*, that neither elevator in the decedent's apartment building, which was managed by the defendant New York City Housing Authority (hereinafter the NYCHA), was operational on the early morning of January 16, 1992, thereby delaying the arrival of paramedics. Contrary to the Supreme Court's determination, no triable issue of fact was raised in opposition to the prima facie showing by the NYCHA that at least one elevator was working when the paramedics arrived and, thus, that the alleged dangerous condition did not exist (*see, Pacht v International Bus. Machs.*, 228 AD2d 422; *Morales v Hefran Realty Co.*, 202 AD2d 407). Mangano, P. J., Bracken, S. Miller and Goldstein, JJ., concur.