■ MONICA GRAHAM, Appellant, v RONNIE J. WOHL et al., Respondents. [724 NYS2d 416] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about April 26, 2000, which granted defendants' motions for summary judgment dismissing the complaint and denied plaintiff's cross motion to amend her bill of particulars so as to allege a claim for negligence under the doctrine of res ipsa loquitur, unanimously affirmed, without costs.

Plaintiff's allegations that she sustained an injury when an elevator door abruptly and unexpectedly closed as she was entering the elevator, striking and pinning her against the side of the elevator without retracting, are insufficient to permit an inference of negligent maintenance of some mechanical device controlling the operation of the door. Accordingly, plaintiff's claims of negligence against defendants building owner, managing agent and elevator service company, which admittedly depend entirely upon the applicability of res ipsa loquitur, were properly dismissed (*Feblot v New York Times Co.*, 32 NY2d 486). More particularly, plaintiff's version of the incident, accepted as true, does not rule out the possibility that her injury was caused by her own voluntary actions, notwithstanding that the door closed on her quickly and did not retract before or immediately upon contact (*id.*, at 495-496; *see*, *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226). Plaintiff chose when to enter the elevator and apparently was not watching its door as she did so since, according to her deposition testimony, her companion, who was at her side and closer to the closing door, was able to step out of its way. In addition, plaintiff does not claim that she made any attempt to put pressure on the door's safety bumper such as might have caused the door to retract, and testified that she was able to free herself from door, which closed with "medium" force. Concur—Sullivan, P. J., Nardelli, Williams, Rubin and Marlow, JJ.