■ ALAN LASSER, Respondent, v NORTHROP GRUMMAN CORPORATION, Formerly Known as GRUMMAN CORPORATION, et al., Respondents-Appellants, and DOVER ELEVATOR COMPANY et al., Appellants-Respondents. [865 NYS2d 301]—

In an action to recover damages for personal injuries, the defendants Dover Elevator Company, ThyssenKrupp Elevator Company, formerly known as Dover Elevator Company, and Thyssen Dover Elevator Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 14, 2007, as denied their renewed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendants Northrop Grumman Corporation, formerly known as Grumman Corporation, and Northrop Grumman Systems Corporation, formerly known as Northrop Grumman Corporation and/or Grumman Corporation cross-appeal, as limited by their brief, from so much of the same order as denied their renewed cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and denied their renewed cross motion, inter alia, to preclude the plaintiff's expert from testifying at trial.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying the renewed motion of the defendants Dover Elevator Company, ThyssenKrupp Elevator Company, formerly known as Dover Elevator Company, and Thyssen Dover Elevator Company for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and substituting therefor a provision granting the renewed motion, and (2) deleting the provision thereof denying the renewed cross motion of the defendants Northrop Grumman Corporation, formerly known as Grumman Corporation, and Northrop Grumman Systems Corporation, formerly known as Northrop Grumman Corporation and/or Grumman Corporation for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor a provision granting the renewed cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiff allegedly was injured when a freight elevator door closed on him. The defendants Dover Elevator Company, ThyssenKrupp Elevator Company, formerly known as Dover Elevator Company, and Thyssen Dover Elevator Company (hereinafter collectively Thyssen) and the defendants Northrop Grumman Corporation, formerly known as Grumman Corporation, and Northrop Grumman Systems Corporation, formerly known as Northrop Grumman Corporation and/or Grumman Corporation (hereinafter collectively Grumman) established their prima facie entitlement to summary judgment dismissing the complaint and all cross claims insofar as asserted against them by producing evidence that the elevator door was functioning properly before and after the accident, and that, even if a defect existed, they did not have actual or constructive notice of any such defect (*see Lee v City of New York,* 40 AD3d 1048, 1049 [2007]; *Santoni v Bertelsmann Prop., Inc.,* 21 AD3d 712, 713-714 [2005]; *Farmer v Central El.,* 255 AD2d 289, 290 [1998]; *Tashjian v Strong & Assoc.,* 225 AD2d 907, 908-909 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Lee v City of New York,* 40 AD3d at 1049; *Farmer v Central El.,* 255 AD2d at 290). Moreover, under the circumstances, the doctrine of res ipsa loquitur is not applicable (*see Feblot v New York Times Co.,* 32 NY2d 486, 494-496 [1973]; *see also Cox v Pepe-Fareri One, LLC,* 47 AD3d 749, 749-750 [2008]; *Graham v Wohl,* 283 AD2d 261 [2001]; *LoTruglio v Saks Fifth Ave.,* 281 AD2d 399, 399-400 [2001]). Accordingly, the Supreme Court should have granted the renewed motion and cross motion of Thyssen and Grumman for summary judgment dismissing the complaint

and all cross claims insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In light of the foregoing, we need not reach Grumman's remaining contentions. Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 31299(U).]