■ CARMEN FIGUEROA, Respondent, v EAST 168TH STREET ASSOCIATES, L.P., et al., Respondents, and PRECISION ELEVATOR CORP., Appellant. [897 NYS2d 52]—

Order, Supreme Court, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered on or about May 29, 2009, which denied defendant Precision Elevator's motion for summary judgment on its cross claim for contractual indemnification and contribution, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff tripped and fell as she exited an elevator owned and managed by the realty defendants and maintained by Precision. Precision correctly asserts that the service contract with the building owners specifically exempted, inter alia, the preexisting misleveling of the elevator. That contract provides that Precision "shall not be responsible for leveling of cars at landings, eccentricities in operation of car doors, shaft doors or their lock-

ing devices and for any situation that may occur that cannot be revealed by the ordinary inspection offered with this service."

Plaintiff-respondent misquoted the above paragraph to the motion court when plaintiff's counsel changed "and for any" to "or any other" thus framing the clause in the disjunctive rather than in its conjunctive as it was originally drafted and executed by the parties. Despite Precision pointing out the misquotation, plaintiff's counsel continued to misquote the paragraph in his appellate brief. The contract as drafted clearly placed responsibility for the misleveling elevator on the owner, not Precision, the service company. Furthermore, Precision urged the owner to upgrade the elevator to eliminate the problem of misleveling but the owner declined Precision's proposal prior to plaintiff's accident.

Plaintiff's reliance on General Obligations Law § 5-323 is also misplaced. The contract merely exempts preexisting conditions from Precision's responsibility. It does not purport to immunize Precision from its own negligence.

Plaintiff's claim solely involves an accident resulting from misleveling, for which, as noted, the owner was responsible. The contract provided that Precision would be "indemnif[ied] against any claim . . . for personal injury . . . arising out of this contract unless such . . . injury arises from [Precision's] sole negligence." Therefore Precision was entitled to summary judgment on its cross claim for contractual indemnification and contribution. Concur—Saxe, J.P., Catterson, Moskowitz, DeGrasse and Abdus-Salaam, JJ.