■ RAHMAT HEDVAT, Plaintiff, v YONKERS CONTRACTING COMPANY, INC., Respondent, and URS CORPORATION—New York, Defendant/Third-Party Plaintiff-Appellant/Second Third-Party Plaintiff-Appellant, et al, Defendant, et al., Third-Party Defendant. STONE & WEBSTER ENGINEERING NEW YORK, P.C., Second Third-Party Defendant-Respondent. [948 NYS2d 45]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 28, 2011, which, insofar as appealed from as limited by the briefs, denied so much of defendant URS Corporation's motion for summary judgment as sought dismissal of defendant Yonkers's cross claim for contribution and second third-party defendant Stone & Webster's counterclaim for contribution, unanimously affirmed, with costs.

The court properly declined to dismiss the contribution claims, as triable issues of fact exist as to whether URS, the construction manager, had the authority to control the work site and whether it had notice of the alleged dangerous condition on the site (*Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 556 [2009]).

As to whether URS had sufficient control over the site to address the alleged dangerous condition, URS's quality control inspector testified that URS employed three to four inspectors for the project, that it hired various subcontractors to perform inspections, that it was required to report any dangerous conditions on the site, and that it had a site safety officer at the site. In addition, plaintiff testified that he reported to URS's quality control inspector, among others. Plaintiff also testified that he reported to one of Stone & Webster's construction managers who, in turn, reported to URS's project manager. Accordingly, questions of fact exist as to the scope and extent of URS's control and authority (*see Urban*, 62 AD3d at 556).

With regard to notice, URS failed to offer any evidence in admissible form that it did not have actual or constructive notice of the alleged dangerous condition. The testimony of its quality control inspector, that he "likely went through th[e] area" where plaintiff was injured but was not "intimately familiar" with it, was insufficient to make a prima facie showing of lack of notice (*compare Martinez v Hunts Point Coop. Mkt., Inc.*, 79 AD3d 569, 570 [2010]; *Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 713-714 [2005]).

We have considered URS's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.