■ DILENIA SANCHEZ, Appellant, v NEW SCANDIC WALL LIMITED PARTNERSHIP et al., Defendants/Third-Party Plaintiffs-Respondents. SCHINDLER ELEVATOR CORP., Third-Party Defendant-Respondent. [42 NYS3d 802]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 8, 2015, which, inter alia, granted third-party defendant's motion and defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants and third-party defendant demonstrated their prima facie entitlement to summary judgment by presenting evidence showing that the elevators were regularly inspected, and the door of the subject elevator was operating properly before and after plaintiff was struck in the shoulder by the closing door, while attempting to enter it. Moreover, even if a defect existed, they demonstrated that they did not create or have actual or constructive notice of it (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 713 [1st Dept 2005]; *Lasser v Northrop Grumman Corp.*, 55 AD3d 561, 562 [2d Dept 2008]). The doctrine of res ipsa loquitur is inapplicable in this case, as defendant had ceded all maintenance and repair to third-party defendant Schindler Elevator Corp. (*see Ebanks v New York City Tr. Auth.*,70 NY2d 621, 623 [1987]; *Fasano v Euclid Hall Assoc., L.P.*, 136 AD3d 478, 479 [1st Dept 2016]; *Hodges v Royal Realty Corp.*, 42 AD3d 350 [1st Dept 2007]). Moreover, plaintiff admits that she was not aware of the door closing until it hit her (*see Graham v Wohl*, 283 AD2d 261 [2001]), and she offers no expert affidavit or other evidence of any malfunction in the door, which would cause it to close unusually quickly. She also admits that the elevator door opened immediately after it hit her, and, as noted above, that the elevator operated properly before and after the incident (*see Lasser*, 55 AD3d at 562). Concur—Mazzarelli, J.P., Sweeny, Richter, Manzanet-Daniels and Feinman, JJ.