Pacheco v Serviam Gardens Assoc., L.P. (2018 NY Slip Op 03108)





Pacheco v Serviam Gardens Assoc., L.P.


2018 NY Slip Op 03108


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Renwick, J.P., Tom, Andrias, Webber, Kahn, JJ.


6418 308870/11

[*1]Irma Pacheco, Plaintiff-Appellant,
v
Serviam Gardens Associates, L.P., et al., Defendants-Respondents,


Budin, Reisman, Kupferberg & Bernstein, LLP, New York (Gregory C. McMahon of counsel), for appellant.
Burke, Conway & Dillion, White Plains (Martin Galvin of counsel), for Serviam Gardens Associates, L.P. and Serviam Towers, LLC, respondents.
Costello, Shea & Gaffney, LLP, New York (Steven E. Garry of counsel), for Kone, Inc., respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about June 23, 2017, which granted the motion of defendant Kone, Inc. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Kone established its entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when the elevator in the building in which she lived closed unexpectedly on her. Kone, which serviced the elevators in the building, demonstrated that it did not create the alleged defect or have actual or constructive notice of its existence, by submitting its service records showing that the elevator was regularly inspected and was operating properly before the accident. Kone also submitted the affidavit of its employee who averred that there had been no prior complaints about the subject elevator (see Sanchez v New Scandic Wall L.P., 145 AD3d 643 [1st Dept 2016]).
In opposition, plaintiff failed to raise a triable issue of fact. The doctrine of res ipsa loquitur is not applicable under the circumstances presented as the evidence shows that Kone was not negligent and plaintiff's deposition testimony does not rule out the possibility that her own voluntary actions resulted in the accident. Plaintiff testified that when the elevator stopped at the lobby of her building, she stood at the entranceway of the elevator and spoke to her friend for about a minute when the elevator door closed on her and struck her before retracting. There is also no indication that plaintiff was watching the elevator door as she was speaking to her friend (see Graham v Wohl, 283 AD2d 261 [1st Dept 2001]). Furthermore, the conclusory offerings of plaintiff's expert do not warrant a different result (see e.g. Santoni v Bertelsmann Prop., Inc., 21 AD3d 712, 715 [1st Dept 2005]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK