New York Schs. Ins. Reciprocal v Milburn Sales Co., Inc. (2018 NY Slip Op 06925)





New York Schs. Ins. Reciprocal v Milburn Sales Co., Inc.


2018 NY Slip Op 06925


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-04487
 (Index No. 2848/11)

[*1]New York Schools Insurance Reciprocal, etc., appellant-respondent, 
v
Milburn Sales Co., Inc., etc., respondent-appellant (and third-party actions).


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellant-respondent.
Kennedys CMK, New York, NY (Frank J. Wenick of counsel), for respondent-appellant.



DECISION & ORDER
In a subrogation action to recover damages for property damage, the plaintiff appeals and the defendant cross-appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated March 15, 2017. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability. The order, insofar as cross-appealed from, denied the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On February 18, 2010, a fire damaged a school in the West Babylon Union Free School District (hereinafter the school district). In the weeks leading up to the fire, various contractors, including the defendant, had performed work at the school. The plaintiff commenced this subrogation action against the defendant to recover damages that the plaintiff had paid to the school district. The plaintiff moved for summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and the cross motion. The plaintiff appeals, and the defendant cross-appeals.
In light of the conflicting expert affidavits submitted by the plaintiff and the defendant in support of their motion and cross motion, respectively, we agree with the Supreme Court's denial of the motion and cross motion (see e.g. Colao v St. Vincent's Med. Ctr., 65 AD3d 660, 662; Robinson-Reese v Kopp, 62 AD3d 980, 980; Lopez v Gem Gravure Co., Inc., 50 AD3d 1102, 1103; Gleeson-Casey v Otis El. Co., 268 AD2d 406, 407).
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court