Kim v Park Hill Owners, Inc. (2021 NY Slip Op 02381)





Kim v Park Hill Owners, Inc.


2021 NY Slip Op 02381


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-12149
 (Index No. 503868/13)

[*1]Jeanne Kim, plaintiff, 
v
Park Hill Owners, Inc., et al., appellants, et al., defendants, Ultimate Elevator Corp., respondent.


Michael Pressman (Stuart B. Cholewa and Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Anthony F. Destefano], of counsel), for appellants.
Gallo Vitucci Klar LLP, New York, NY (Andrew N. Fluger of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Park Hill Owners, Inc., and Triboro Management, Inc., appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated September 7, 2018. The order, insofar as appealed from, granted the motion of the defendant Ultimate Elevator Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Ultimate Elevator Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendants Park Hill Owners, Inc., and Triboro Management, Inc., are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Ultimate Elevator Corp.
The plaintiff allegedly was injured when she tripped while stepping into an elevator that was not flush with the landing. She commenced this action against, among others, the defendants Park Hill Owners, Inc. (hereinafter Park Hill), Triboro Management, Inc. (hereinafter Triboro), and Ultimate Elevator Corp. (hereinafter Ultimate). Park Hill and Triboro were the owner and property manager, respectively, of the premises where the accident occurred, and Ultimate was an elevator company that had entered into an agreement with Triboro to service and repair the elevators at the premises. The Supreme Court, inter alia, granted that branch of Ultimate's motion which was for summary judgment dismissing all cross claims insofar as asserted against it, and Park Hill and Triboro appeal. We affirm.
"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" [*2](Rogers v Dorchester Assoc., 32 NY2d 553, 559). Here, Ultimate established its prima facie entitlement to judgment as a matter of law by showing that it did not create or have actual or constructive notice of a defect causing the elevator to mislevel (see San Andres v 1254 Sherman Ave. Corp., 94 AD3d 590, 591; Farmer v Central El., 255 AD2d 289, 290). In opposition, Park Hill and Triboro failed to raise a triable issue of fact (see Daconta v Otis El. Co., 165 AD3d 753, 754; Fasano v Euclid Hall Assoc., L.P., 136 AD3d 478, 479; Farmer v Central El., 255 AD2d at 290).
The remaining contention of Park Hill and Triboro lacks merit (see Figueroa v East 168th St. Assoc., L.P., 71 AD3d 456, 457).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court