Syrnik v Board of Mgrs. of the Leighton House Condominium (2021 NY Slip Op 05603)





Syrnik v Board of Mgrs. of the Leighton House Condominium


2021 NY Slip Op 05603


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-06877
 (Index No. 398/15)

[*1]Boguslawa Syrnik, appellant, 
v
Board of Managers of the Leighton House Condominium, et al., respondents.


Edelman & Edelman, P.C., New York, NY (David M. Schuller and Noreen M. Giusti of counsel), for appellant.
Nicoletti Gonson Spinner Ryan Gulino Pinter, LLP, New York, NY (Benjamin Gonson of counsel), for respondents Board of Managers of the Leighton House Condominium and Halstead Management, LLC.
McNamara & Horowitz, LLP, New York, NY (John T. McNamara and Salvatore Lapetina of counsel), for respondent Otis Elevator Company.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated April 9, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendants Board of Managers of the Leighton House Condominium and Halstead Management, LLC, and the separate motion of the defendant Otis Elevator Company, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Otis Elevator Company which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Otis Elevator Company, and one bill of costs to the defendants Board of Managers of the Leighton House Condominium and Halstead Management, LLC, payable by the plaintiff.
The plaintiff allegedly was injured when a passenger elevator in which she was riding suddenly accelerated and then stopped abruptly. She commenced this action to recover damages for personal injuries against the defendants Board of Managers of the Leighton House Condominium and Halstead Management, LLC (hereinafter together the Leighton defendants), and the defendant Otis Elevator Company (hereinafter Otis). The Leighton House Condominium Board of Managers and Halstead Management, LLC, were the owner and managing agent, respectively, of the premises where the accident occurred, and Otis was an elevator company that had entered into an agreement with the Leighton defendants to inspect, service, maintain, and repair the elevators at the premises. The Supreme Court, inter alia, granted those branches of the Leighton defendants' motion, and Otis's separate motion, which were for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff appeals.
"A property owner can be held liable for an elevator-related injury where there is a defect in the elevator, and the property owner has actual or constructive notice of the defect, or where it fails to notify the elevator company with which it has a maintenance and repair contract about a known defect" (Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d 765, 766 [citations omitted]). Here, the Leighton defendants submitted sufficient evidence to establish, prima facie, that they did not have actual or constructive notice of any defective condition that would cause the elevator to drop suddenly before stopping abruptly (see Lanzillo v 4 World Trade Ctr., LLC, 195 AD3d 907, 908; Napolitano v Jackson "78" Condominium, 186 AD3d 1383, 1384; Palladino v New York City Hous. Auth., 173 AD3d 1196, 1196-1197). In opposition, the plaintiff failed to raise a triable issue of fact (see Palladino v New York City Hous. Auth., 173 AD3d at 1196-1197).
The plaintiff's contention that the Leighton defendants negligently delayed responding to the elevator alarm was a new theory of liability improperly raised for the first time in opposition to the defendants' motions for summary judgment, having not been raised in the complaint or bill of particulars (see Silber v Sullivan Props., L.P., 182 AD3d 512, 513; Iodice v Giordano, 170 AD3d 971, 972; Taustine v Incorporated Vil. of Lindenhurst, 158 AD3d 785, 786). Accordingly, the Supreme Court properly granted that branch of the Leighton defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
We reach a different conclusion, however, with respect to the Supreme Court's determination of that branch of Otis's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Kim v Park Hill Owners, Inc., 193 AD3d 918, 919 [internal quotation marks omitted]; see Daconta v Otis El. Co., 165 AD3d 753, 753-754).
In support of its motion, Otis submitted, among other things, the affidavit of Patrick McPartland, a mechanical engineer and certified private elevator inspector. McPartland opined that the cause of the elevator's drop and abrupt stop was "a clipping of a door lock," which, he explained, "occurs when the car door clutch, [which is] mounted on the hoistway [or elevator-shaft] side of the car door, comes in contact with the hoistway door release rollers mounted on the hoistway side of the hall doors." McPartland further asserted that the clipping of a door lock "is not something that Otis . . . mechanics are able to prevent in the course of inspecting, testing, and servicing" an elevator, since it "is subject to influence of other persons and instrumentalities that either strike/hit the elevator doors or leave debris/objects in the elevator door sill."
This, in combination with Otis's other submissions, established its prima facie entitlement to judgment as a matter of law by showing that it did not create or have actual or constructive notice of the defect in the elevator, and that it did not fail to use reasonable care to correct a condition of which it should have been aware (see Kim v Park Hill Owners, Inc., 193 AD3d at 919; Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d at 766-767; Tucci v Starrett City, Inc., 97 AD3d 811, 812; Farmer v Central Elevator, Inc., 255 AD2d 289). However, the plaintiff raised triable issues of fact in opposition.
The plaintiff's expert, Patrick Carrajat, an elevator and escalator consultant, whose affidavit the plaintiff submitted in opposition to Otis's summary judgment motion, concurred with McPartland's opinion that "the probable cause of the accident was a clipped interlock." Carrajat disagreed, however, with McPartland's contention that a clipped interlock was something Otis could not reasonably have been expected to prevent. In Carrajat's view, proper inspection and maintenance would have revealed either improper adjustment, loosening or shifting, or excessive wear of certain components. Carrajat also explained why he disagreed with McPartland's opinion that external factors, such as a person making contact with the hallway elevator doors or some sort of debris caught in the elevator's "door sill," could have caused the accident.
Contrary to the Supreme Court's determination, Carrajat's analysis was not speculative, conclusory, or lacking in foundation. Accordingly, Carrajat's affidavit raised a triable issue of fact as to whether Otis failed to use reasonable care to discover and correct a condition [*2]which it ought to have found (see McLaughlin v Thyssen Dover El. Co., 117 AD3d 511, 512; Pantoja v Lindsay Park Hous. Corp., 277 AD2d 365, 366; Gleeson-Casey v Otis Elevator Co., 268 AD2d 406, 407).
The plaintiff also raised a triable issue of fact as to Otis's liability under the doctrine of res ipsa loquitur by submitting proof that the sudden descent and abrupt stop of the elevator was an occurrence that would not ordinarily occur in the absence of negligence, that the maintenance and service of the elevator was in the exclusive control of Otis, and that no act or negligence on the part of the plaintiff contributed to the occurrence of the accident (see Devito v Centennial El. Indus., Inc., 90 AD3d 595, 596).
Accordingly, that branch of Otis's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court