■ ALFREDO PANTOJA, Appellant, v LINDSAY PARK HOUSING CORP., Defendant, and ARMOR KONE ELEVATOR, INC., Respondent. [716 NYS2d 335] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated March 8, 1999, as granted that branch of the motion of the defendant Armor Kone Elevator, Inc., which was to dismiss the cause of action based on negligence insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the motion is denied, and the cause

of action based on negligence is reinstated insofar as asserted against the respondent.

On November 7, 1994, the plaintiff, an employee at 54 Boerum Street, Brooklyn, sustained injuries when he was transporting rubbish and recyclable material on a dolly. The plaintiff slipped on the floor, fell backward, and struck the closed door of an elevator. The elevator door opened and the plaintiff fell into an exposed elevator shaft.

The plaintiff commenced this action against, among others, Armor Kone Elevator, Inc. (hereinafter Armor), which had an exclusive contract with the building owner for the service and maintenance of the subject elevator, alleging, *inter alia*, that Armor was negligent in performing routine maintenance, inspection, and repair of the elevator. Finding that the plaintiff failed to raise an issue of fact as to any alleged negligence by Armor, the Supreme Court granted, *inter alia*, that branch of the defendant's motion which was for summary judgment dismissing the cause of action based on negligence. We reverse.

The law is well settled that "[a]n elevator company which agrees to maintain an elevator in safe operating condition may be liable * * * for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assocs.*, 32 NY2d 553, 559; *see, Alsaydi v GSL Enters.*, 238 AD2d 533). In this case, Armor claims that it had no notice of a defective condition and that the plaintiff failed to identify any defect. The plaintiff, however, submitted an affidavit by his expert stating that proper maintenance and inspection would have revealed defective "gibs," which required replacement. That affidavit raised an issue of fact as to whether Armor was negligent in its inspection and/or maintenance of the elevator. Consequently, Armor is not entitled to summary judgment dismissing the cause of action sounding in negligence (*cf., Gleeson-Casey v Otis El. Co.*, 268 AD2d 406). O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.