■ HYACINTH JOHNSON, Appellant, v NOUVEAU ELEVATOR INDUSTRIES, INC., Respondent. [831 NYS2d 527]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated August 27, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when the doors of an elevator in the building where she worked closed on her left hand. The elevator was equipped with a safety device called a door edge detector, which was supposed to prevent the doors from closing when there was an object in their path. The plaintiff commenced the present action, naming, as the sole defendant, the company which had entered into a written agreement with the owner of the building to service and maintain the subject elevator. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that it did not create, have notice of, or negligently fail to remedy the alleged defective condition.

The Supreme Court properly granted the motion. "An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (*Carrasco v Millar El. Indus.*, 305 AD2d 353, 354 [2003] [internal quotation marks omitted]). The defendant established a prima facie case that it did not create the alleged defective condition and also that it had no actual or constructive notice of the defective condition, as there was no evidence of any such prior malfunctions of the subject elevator (*see Carrasco v Millar El. Indus., supra*). The affidavit prepared by the plaintiff's expert in opposition to the motion failed to raise a triable issue of fact (*see* CPLR 3212 [b]). The expert claimed that a broken wire in the electrical traveling cable in the same elevator, which existed approximately six weeks before the subject accident, provided the defendant with notice of the alleged defect to the door edge detector. While the record is

ambiguous as to whether the broken wire occurred in the same elevator where the plaintiff was injured, there is no evidence in the record that the wire was in any way connected with the alleged defect in the door edge detector.

In addition, after the defendant established a prima facie case that the doctrine of res ipsa loquitur did not apply to the facts of this case, the plaintiff failed to raise a triable issue of fact (*see Halikiopoulos v New York Hosp. Med. Ctr. of Queens*, 4 AD3d 331 [2004]). Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.