Order, Supreme Court, New York County (Joan B. Lobis, J.), entered April 1, 2013, which denied defendant Monique Girard, M.D., motion to dismiss the complaint as against her for lack of personal jurisdiction, unanimously affirmed, without costs.
Plaintiff properly effected service upon defendant doctor at her actual place of business, defendant Hercules Medical, EC., by leaving the summons and complaint with the receptionist at the practice, who was a person of suitable age and discretion (see CPLR 308 [2]; Colon v Beekman Downtown Hosp., 111 AD2d 841 [2d Dept 1985]). That defendant doctor was temporarily out on maternity leave when the service was effectuated is of no moment, since she was clearly identified as a doctor working in the Hercules Medical practice, and resumed working there after her temporary four-month absence (see Columbus Realty Inv. Corp. v Weng-Heng Tsiang, 226 AD2d 259, 259 [1st Dept 1996]). Further, the service of process at Hercules Medical was reasonably calculated to afford her with notice of commencement of the action, since the receptionist could reasonably be expected to convey the message or papers to her, as the intended party (see Charnin v Cogan, 250 AD2d 513, 518 [1st Dept 1998]; Grasso v Matarazzo, 288 AD2d 185 [2d Dept 2001]).
A traverse hearing is not required, because defendant’s claims are insufficient to rebut the prima facie proof of proper service pursuant to CPLR 308 (2). Plaintiffs process server described how process was served, and the receptionist at Hercules Medical did not deny in her affidavit that she was a person of suitable age and discretion, that she was working on the date process was effectuated, or that her appearance matched the process server’s description of the individual served (see Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 764-765 [2d Dept 2012]).
Plaintiff’s failure to comply with the 120-day deadline imposed by CPLR 306-b does not require dismissal of the action. Indeed, the trial court properly exercised its discretion to deem the affidavits of service timely filed nunc pro tunc, because the record demonstrates that plaintiff’s failure to timely file them was caused by her law firm’s unfamiliarity with the electronic filing system (see Bell v Bell, Kalnick, Klee & Green, 246 AD2d 442, 443 [1st Dept 1998]). Moreover, the action was otherwise properly commenced (see id.; Paracha v County of *530 Nassau, 228 AD2d 422, 423 [2d Dept 1996]).
Concur — Tom, J.E, Acosta, Moskowitz, Gische and Clark, JJ.