In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated November 25, 2014, as denied his cross motion for summary judgment on the issue of liability and pursuant to CPLR 3126 to strike the defendants’ separate answers or, in the alternative, to preclude them from offering certain evidence at trial on the ground of spoliation of evidence, and granted those branches of the defendants’ separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
 

 Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
 

 On October 7, 2005, the plaintiff allegedly was injured when he tripped and fell while entering an elevator on the fifth floor of a building located in Manhattan. He commenced this action against the defendants Guardian Life Insurance Company of America (hereinafter Guardian), which owned the building at the time of the accident, Cushman & Wakefield, Inc. (hereinafter Cushman), the property manager for the building, and Nouveau Elevator Industries, Inc. (hereinafter Nouveau), the elevator maintenance company that had a contract to maintain and repair the elevator. The plaintiff alleged that the defendants had actual or constructive notice of a dangerous mislevel-ing condition that caused his injuries.
 

 After discovery, the defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff opposed the motions and cross-moved for summary judgment on the issue of liability under the doctrine of res ipsa loquitor, and pursuant to CPLR 3126 to strike the defendants’ separate answers or, in the alternative, to preclude them from offering certain evidence at trial on the ground of spoliation of evidence. In an order dated November 25, 2014, the Supreme Court, among other things, granted those branches of the defendants’ separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them, and denied the plaintiff’s cross motion. The plaintiff appeals.
 

 A property owner can be held liable for an elevator-related injury where there is a defect in the elevator, and the property owner has actual or constructive notice of the defect (see Cilinger v Arditi Realty Corp., 77 AD3d 880, 882 [2010]; Lee v City of New York, 40 AD3d 1048, 1049 [2007]), or where it fails to notify the elevator company with which it has a maintenance and repair contract about a known defect (see Isaac v 1515 Macombs, LLC, 84 AD3d 457, 458 [2011]; Oxenfeldt v 22 N. Forest Ave. Corp., 30 AD3d 391, 392 [2006]). “An elevator company which agrees to maintain an elevator in safe operating condition can also be held liable to an injured passenger Tor failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found’ ” (Tucci v Starrett City, Inc., 97 AD3d 811, 812 [2012], quoting Rogers v Dorchester Assoc., 32 NY2d 553, 559 [1973]; see Cilinger v Arditi Realty Corp., 77 AD3d at 882).
 

 Here, Guardian and Cushman, its agent, each made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence establishing that they did not have actual or constructive notice of any defect in the elevator that would cause it to mislevel (see Tucci v Starrett City, Inc., 97 AD3d at 812). Nouveau similarly established its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that it lacked actual or constructive notice of the alleged defective condition (see Johnson v Nouveau El. Indus., Inc., 38 AD3d 611, 612 [2007]), and that it did not fail to use reasonable care to correct a condition of which it should have been aware (see Isaac v 1515 Macombs, LLC, 84 AD3d at 458).
 

 In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff’s expert was insufficient to raise a triable issue of fact because it was conclusory, lacking in foundation, and speculative (see Tucci v Starrett City, Inc., 97 AD3d at 812-813; Forde v Vornado Realty Trust, 89 AD3d 678, 679-680 [2011]; Cilinger v Arditi Realty Corp., 77 AD3d at 882-883). Further, the plaintiff could not rely on the doctrine of res ipsa loquitur because he failed to demonstrate that the accident was one that would not ordinarily occur in the absence of someone’s negligence (see Tucci v Starrett City, Inc., 97 AD3d at 813).
 

 Additionally, the Supreme Court providently exercised its discretion in declining to strike the defendants’ separate answers, as the plaintiff failed to demonstrate that any evidence was “destroyed with a culpable state of mind,” and that the “destroyed evidence was relevant to the party’s claim or defense such that the trier of fact could find that the evidence would support that claim or defense” (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015] [internal quotation marks omitted]; see CPLR 3126; cf. UMS Solutions, Inc. v Biosound Esaote, Inc., 145 AD3d 831, 832 [2016]). Moreover, in support of this branch of his motion, the plaintiff failed to attach an affirmation of good faith as required by 22 NYCRR 202.7 (a) (2) (see Perez v Stonehill, 121 AD3d 960, 961 [2014]; see also Oller v Liberty Lines Tr., Inc., 111 AD3d 903, 904 [2013]; Natoli v Milazzo, 65 AD3d 1309, 1310-1311 [2009]).
 

 The plaintiff’s remaining contentions are without merit.
 

 Accordingly, the Supreme Court correctly granted those branches of the defendants’ separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them and denied the plaintiff’s cross motion.
 

 Rivera, J.R, Roman, LaSalle and Barros, JJ., concur.