Vega v Gambino (2020 NY Slip Op 03139)





Vega v Gambino


2020 NY Slip Op 03139


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-14158
 (Index No. 503253/17)

[*1]Iris Vega, respondent, 
v
Steven Gambino, appellant.


Polizzotto & Polizzotto, LLC, Brooklyn, NY (Emilio Rodriguez of counsel), for appellant.
Weiss & Akerman P.C., New York, NY (Robert Weiss of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 30, 2018. The order denied the defendant's motion for leave to reargue and renew his prior motion, inter alia, to vacate an order of the same court dated May 3, 2018, granting the plaintiff's motion for leave to enter a default judgment, which was denied in an order of the same court dated August 16, 2018.
ORDERED that the appeal from so much of the order dated October 30, 2018, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated October 30, 2018, is affirmed insofar as reviewed, with costs.
The plaintiff allegedly was injured when she slipped and fell on premises owned or managed by the defendant. The plaintiff commenced this personal injury action against the defendant and served the defendant pursuant to CPLR 308(2) by delivering the summons and complaint to the defendant's coworker at the defendant's actual place of business and by mailing the summons and complaint to the defendant at the same address. The defendant failed to appear or answer the complaint. In an order dated May 3, 2018, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment and scheduled an inquest on the issue of damages. The defendant moved, inter alia, to vacate this order, asserting that he never received the summons and complaint. In an order dated August 16, 2018, the court denied the defendant's motion. The defendant then moved for leave to reargue and renew his prior motion to vacate the order dated May 3, 2018. In support of his motion, the defendant submitted, among other things, his affidavit, which included additional information not contained in his original affidavit submitted on his prior motion, and an affidavit from his coworker. In an order dated October 30, 2018, the court denied the defendant's motion. The defendant appeals.
Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [*2][3]; see Fardin v 61st Woodside Assoc., 125 AD3d 593, 595; Matter of O'Gorman v O'Gorman, 122 AD3d 744). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; see Fardin v 61st Woodside Assoc., 125 AD3d at 595).
Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew his prior motion, inter alia, to vacate the order granting the plaintiff's motion for leave to enter a default judgment. The defendant failed to demonstrate a reasonable justification for his failure to present his coworker's affidavit or to include the additional information in his affidavit in support of his original motion to vacate (see Singh v Weisberg, 178 AD3d 873, 874; Abrams v Berelson, 94 AD3d 782, 784; Beyl v Franchini, 37 AD3d 505, 506). Furthermore, the defendant failed to demonstrate that the new facts would have changed the prior determination (see CPLR 308[6]; Bedessee Imports, Inc. v Najjar, 170 AD3d 640, 641-642; Edan v Johnson, 117 AD3d 528, 529; Grasso v Matarazzo, 288 AD2d 185).
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court