Napolitano v Jackson "78" Condominium (2020 NY Slip Op 04955)





Napolitano v Jackson "78" Condominium


2020 NY Slip Op 04955


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-10831
 (Index No. 22087/10)

[*1]Patricia Napolitano, appellant, 
v
Jackson "78" Condominium, et al., respondents, et al., defendants.


Michael F. Perrotta, Huntington, NY, for appellant.
Brody, O'Connor & O'Connor, Northport, NY (Aisha K. Brosnan and Patricia A. O'Connor of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated August 8, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Jackson "78" Condominium, MPJ Realty, LLC, and SLJ Property Management, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Jackson "78" Condominium, MPJ Realty, LLC, and SLJ Property Management, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff allegedly was injured when she tripped while stepping into an elevator in a building owned by the defendant Jackson "78" Condominium and managed by the defendants MPJ Realty, LLC, and SLJ Property Management, LLC (hereinafter collectively the property defendants). The plaintiff alleged that when she entered the elevator, it was misaligned with the adjacent floor of the building lobby, and that this defect caused her fall. The plaintiff commenced this personal injury action against the property defendants, among others. The property defendants subsequently moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated August 8, 2017, the Supreme Court, among other things, granted that branch of the motion, and the plaintiff appeals.
"A property owner can be held liable for an elevator-related injury where there is a defect in the elevator, and the property owner has actual or constructive notice of the defect" (Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d 765, 766). Here, the property defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing, through the deposition testimony of their witnesses and an expert affidavit, that no complaints were ever made about misalignment of the elevator, that routine inspections of the building by employees did not reveal the presence of such a condition, and that an inspection conducted of the elevator three days before the accident did not reveal any defects that would cause misalignment.
In opposition, however, the plaintiff submitted, among other things, an affidavit from [*2]her mother, who then resided in the building, asserting that during the month preceding the accident, she observed misalignment of the elevator "almost every day," and that, in response to a complaint about misalignment by another resident, a member of the condominium's Board of Managers had acknowledged the problem in her presence (see Dawson v Raimon Realty Corp., 303 AD2d 708, 709). The plaintiff also submitted evidence demonstrating the documented occurrence of prior similar incidents of misalignment, and an unsatisfactory inspection report for the elevator, completed three days before the accident, which, according to the plaintiff's expert, and contrary to the averment of the property defendants' expert and other witnesses, evinced defects which would cause misalignment. The plaintiff's evidence was sufficient to raise a triable issue of fact as to whether the property defendants had notice of the allegedly defective condition that caused the plaintiff's accident (see Urman v S & S, LLC, 85 AD3d 897, 898; see also Roserie v Alexander's Kings Plaza, LLC, 171 AD3d 822, 823; cf. Ramjohn v Port Auth. of N.Y. & N.J., 151 AD3d 1090, 1091-1092; Johnson v Nouveau El. Indus., Inc., 38 AD3d 611, 612-613).
Accordingly, that branch of the property defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them should have been denied.
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court