Lanzillo v 4 World Trade Ctr., LLC (2021 NY Slip Op 04013)





Lanzillo v 4 World Trade Ctr., LLC


2021 NY Slip Op 04013


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-11109 
2019-14308
 (Index No. 714622/16)

[*1]Karen S. Lanzillo, appellant,
v
4 World Trade Center, LLC, et al., respondents.


Godosky & Gentile, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Keller, O'Reilly & Watson, P.C., Woodbury, NY (Amanda A. Tersigni and Kevin W. O'Reilly of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated May 29, 2019, and (2) an order of the same court dated November 20, 2019. The order dated May 29, 2019, granted the defendants' motion for summary judgment dismissing the complaint. The order dated November 20, 2019, denied the plaintiff's motion pursuant to CPLR 2221(d) and (e) for leave to reargue and renew her opposition to the defendants' motion for summary judgment.
ORDERED that the order dated May 29, 2019, is affirmed; and it is further,
ORDERED that the appeal from so much of the order dated November 20, 2019, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated November 20, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff allegedly was injured when she entered an elevator on the 38th floor of 4 World Trade Center (hereinafter the premises) and the doors closed on her. Eight elevators in the "B" bank serviced the 38th floor of the premises. The plaintiff commenced the instant action to recover damages for personal injuries against 4 World Trade Center, LLC (hereinafter WTC LLC), which allegedly owned the premises, Silverstein Properties, Inc. (hereinafter Silverstein), which allegedly managed the premises, and Schindler Elevator Corporation (hereinafter Schindler), which manufactured and was responsible for the maintenance of the elevators at the premises.
After discovery, the defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff could not identify the specific elevator on which [*2]her alleged accident occurred, there was no evidence of any prior notice of any problem with an elevator, and the doctrine of res ipsa loquitur was not applicable. By order dated May 29, 2019, the Supreme Court granted the defendants' motion.
Thereafter, the plaintiff moved for leave to reargue and renew her opposition to the defendants' motion for summary judgment. By order dated November 20, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from both orders.
"A property owner can be held liable for an elevator-related injury where there is a defect in the elevator, and the property owner has actual or constructive notice of the defect" (Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d 765, 766; see Napolitano v Jackson "78" Condominium, 186 AD3d 1383, 1383; Tucci v Starrett City, Inc., 97 AD3d 811, 812). Similarly, "[a]n elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Rogers v Dorchester Assoc., 32 NY2d 553, 559; see Roserie v Alexander's Kings Plaza, LLC, 171 AD3d 822, 823; Nye v Putnam Nursing & Rehabilitation Ctr., 62 AD3d 767, 768).
Here, the defendants submitted sufficient evidence to establish, prima facie, that WTC LLC and Silverstein lacked actual or constructive notice of a defect in any of the elevators in the "B" bank that would have caused its doors to strike the plaintiff in the manner she alleged. The defendants also submitted evidence sufficient to establish that Schindler lacked actual or constructive notice of the alleged defective condition, as there was no evidence of any such prior malfunction in any of the "B" bank elevators, and that it did not fail to use reasonable care to correct a condition of which it should have been aware (see Daconta v Otis El. Co., 165 AD3d 753, 753-754; Little v Kone, Inc., 139 AD3d 678, 679; Reed v Nouveau El. Indus., Inc., 123 AD3d 1102, 1103; Tucci v Starrett City, Inc., 97 AD3d at 812; Johnson v Nouveau El. Indus., Inc., 38 AD3d 611, 612). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert, wherein he opined that the alleged accident was caused by a lack of proper inspection and maintenance of the infrared door detector edge, was speculative, lacking in foundation, conclusory, and was insufficient to raise a triable issue of fact (see Daconta v Otis El. Co., 165 AD3d at 754; Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d 765, 767; Haynes v Estate of Goldman, 62 AD3d 519, 521; Johnson v Nouveau El. Indus., Inc., 38 AD3d at 612-613; Santoni v Bertelsmann Prop., Inc., 21 AD3d 712, 714-715).
In addition, the defendants established, prima facie, that the doctrine of res ipsa loquitur was not applicable to the facts of this case, and in opposition, the plaintiff failed to raise a triable issue of fact as to whether the accident was one that would not ordinarily occur in the absence of someone's negligence (see Daconta v Otis El. Co., 165 AD3d at 754; Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d at 767; Tucci v Starrett City, Inc., 97 AD3d at 813; Johnson v Nouveau El. Indus., Inc., 38 AD3d at 613; but see Barkley v Plaza Realty Invs. Inc., 149 AD3d 74, 78). Accordingly, the defendants were entitled to summary judgment dismissing the complaint.
Further, the Supreme Court did not improvidently exercise its discretion when it denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Makropoulos v City of New York, 187 AD3d 885, 888). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Mees v Buiter, 186 AD3d 1673, 1674 [internal quotation marks omitted]). "While law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion, the movant must submit supporting facts to explain and justify the failure, and mere neglect is not accepted as a reasonable excuse" (Assevero v Rihan, 144 AD3d 1061, 1063; see Cole-Hatchard v Grand Union, 270 AD2d 447, 447).
Here, the plaintiff failed to demonstrate a reasonable justification for failing to present certain documents in which she purportedly identified the specific elevator involved in her alleged accident in opposition to the defendants' prior motion for summary judgment (see Vega v Gambino, 184 AD3d 600, 601-602; Assevero v Rihan, 144 AD3d at 1063; Taylor Appraisals v Prokop, 99 AD3d 985, 985; Morrison v Rosenberg, 278 AD2d 392, 392-393). Further, the plaintiff failed to demonstrate that the new facts would have changed the prior determination (see Vega v Gambino, 184 AD3d at 601). Even assuming the new facts were sufficient evidence to identify the elevator involved in the plaintiff's alleged accident, neither document raised triable issues of fact as to the defendants' actual or constructive notice of the allegedly defective condition, or Schindler's failure to use reasonable care to correct a condition of which it should have been aware.
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court