Barcliff v Schindler El. Corp. (2021 NY Slip Op 05019)





Barcliff v Schindler El. Corp.


2021 NY Slip Op 05019


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING, JJ.


2020-02086
 (Index No. 503509/14)

[*1]Gail Barcliff, plaintiff-respondent, 
v
Schindler Elevator Corp., defendant, Nouveau Elevator Industries, Inc., defendant third-party plaintiff- appellant; Brookdale Hospital Medical Center, third-party defendant-respondent.


Rebore Thorpe & Pisarello, Farmingdale, NY (Timothy J. Dunn III of counsel), for defendant third-party plaintiff-appellant.
Marc J. Bern & Partners, LLP, New York, NY (Mollie Wellins of counsel), for plaintiff-respondent.
Lewis Johs Avallone Aviles, LLP, New York, NY (Carl A. Formicola of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated November 20, 2019. The order denied the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint insofar as asserted against it, dismissing the third-party defendant's counterclaim, and on its third-party cause of action for contractual indemnification.
ORDERED that the order is affirmed, with one bill of costs.
On August 8, 2012, the plaintiff was using an elevator in a building owned by Brookdale Hospital Medical Center (hereinafter Brookdale Hospital) when the elevator door allegedly closed improperly on her without warning. The plaintiff subsequently commenced the instant action, inter alia, to recover damages for personal injuries against, among others, Nouveau Elevator Industries, Inc. (hereinafter Nouveau), the elevator maintenance company used by Brookdale Hospital, alleging, among other things, that the elevator was in a defective condition on the date of the accident. Nouveau joined issue, and thereafter commenced a third-party action against Brookdale Hospital, seeking, inter alia, contractual indemnification. Brookdale Hospital joined issue in the third-party action and asserted a counterclaim against Nouveau, in effect, for contribution and/or indemnification. Nouveau moved for summary judgment dismissing the complaint insofar as asserted against it, dismissing Brookdale Hospital's counterclaim, and on its third-party cause of action for contractual indemnification. The Supreme Court denied Nouveau's motion, and Nouveau appeals.
An elevator company, such as Nouveau, which agrees to maintain an elevator in safe operating condition can be held liable to an injured passenger "for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Rogers v Dorchester Assoc., 32 NY2d 553, 559; see Carter v Nouveau Indus., Inc., 187 AD3d 702, 703; Fajardo v Mainco El. & Elec. Corp., 143 AD3d 759, 762; Tucci [*2]v Starrett City, Inc., 97 AD3d 811, 812). Here, Nouveau submitted evidence demonstrating, prima facie, that it did not have notice of any defect in the elevator door, and that it did not fail to use reasonable care to correct a condition about which it should have been aware (see Daconta v Otis El. Co., 165 AD3d 753, 753; Hussey v Hilton Worldwide, Inc., 164 AD3d 482, 484). Contrary to the plaintiff's assertion, she did not demonstrate that the doctrine of res ipsa loquitur was applicable to the facts of this case (see Kachele v Nouveau El. Indus., Inc., 186 AD3d 1626, 1627; Daconta v Otis El. Co., 165 AD3d at 754). Nonetheless, the evidence submitted in opposition, which included the affidavit of the plaintiff's expert, raised a triable issue of fact as to whether Nouveau was negligent in its inspection and/or maintenance of the elevator door (see Pantoja v Lindsay Park Hous. Corp., 277 AD2d 365, 366). Accordingly, the Supreme Court properly denied that branch of Nouveau's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
"[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662; see Davies v Simon Prop. Group, Inc., 174 AD3d 850, 855). Since there is a triable issue of fact as to whether Nouveau was negligent in its maintenance of the elevator, and whether such negligence contributed to the accident, the Supreme Court properly denied those branches of Nouveau's motion which were for summary judgment dismissing Brookdale Hospital's counterclaim and on Nouveau's third-party cause of action for contractual indemnification (see Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1448-1449; Davies v Simon Prop. Group, Inc., 174 AD3d at 855). Neither the unsigned contract between Nouveau and Brookdale Hospital, which was submitted in support of the motion, nor the indemnification provision contained therein, even if in effect on the date of the accident, warrants a different finding.
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court