Starlite Acupuncture, P.C. v Travelers Ins. Co. (2022 NY Slip Op 50153(U))

[*1]

Starlite Acupuncture, P.C. v Travelers Ins. Co.

2022 NY Slip Op 50153(U) [74 Misc 3d 132(A)]

Decided on February 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-441 K C

Starlite Acupuncture, P.C., as Assignee of
Ramos, Juan Carlos, Appellant,
against
Travelers Insurance Company, Respondent.

Petre and Associates, P.C. (Damin J. Toell of counsel), for appellant.
Law Offices of Tina Newsome-Lee (Janice A. Robinson of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered January 18, 2019. The order denied plaintiff's motion, in effect, for leave to
renew its opposition to defendant's motion for summary judgment dismissing the complaint and,
upon renewal, to deny defendant's motion.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint, contending that plaintiff had failed to submit its
claims. Plaintiff filed opposition papers that were not responsive to the motion. In an order
entered November 30, 2017, the Civil Court (Michael Gerstein, J.) granted defendant's motion
and dismissed the action, finding that plaintiff's opposition failed to provide contrary proof that
the bills were submitted to defendant. Thereafter, plaintiff moved, in effect, for leave to renew its
opposition to defendant's motion for summary judgment and, upon renewal, to deny defendant's
motion, contending that there were new facts not offered in its initial opposition to defendant's
motion that would change the court's prior determination, that it had served the wrong papers in
opposition to defendant's motion, and that law office failure was the reasonable justification for
its initial failure to present proper opposition papers. Plaintiff appeals from an order, entered
January 18, 2019, in which the Civil Court (Michael Gerstein, J.) denied plaintiff's motion for
renewal, finding that the motion was untimely as it had been served more than 30 days after
service of the prior order with notice of entry and that, in any event, plaintiff's owner's affidavit
failed to demonstrate mailing of the bills at issue.
A motion brought pursuant CPLR 2221 (e) for leave to renew does not have a statutory [*2]time limitation on when it must be made, and, consequently,
plaintiff's renewal motion was not untimely. We need not decide whether plaintiff's explanation
for serving the wrong papers in opposition to defendant's motion constitutes a reasonable excuse
for the failure to properly oppose defendant's motion, and therefore a basis for renewal (see Lanzillo v 4 World Trade Ctr.,
LLC, 195 AD3d 907 [2021] [noting that, while law office failure can be accepted as a
reasonable justification for the failure to present the new facts on a renewal motion, "mere
neglect is not accepted as a reasonable excuse" (internal quotation marks omitted)]), as we agree
with the Civil Court that the affidavit of plaintiff's owner, which was annexed to plaintiff's
motion papers, was insufficient to give rise to a presumption that the claims had been mailed to,
and received by, defendant (see Milky
Way Acupuncture, P.C. v Nationwide Ins., 65 Misc 3d 157[A], 2019 NY Slip Op
51968[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see generally St. Vincent's Hosp. of
Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Residential
Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). Indeed, the claim forms that
plaintiff's owner referred to and stated were true and accurate, which were attached to his
affidavit, were issued to MVAIC, rather than to defendant, and plaintiff's owner stated in his
affidavit that the envelopes containing the claim forms were addressed to the "insurance carrier"
at the address as printed on the bills.
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 25, 2022