Xholi v 150 E. 42 Holdings, LLC (2023 NY Slip Op 03726)

Xholi v 150 E. 42 Holdings, LLC

2023 NY Slip Op 03726

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-04675
 (Index No. 505866/17)

[*1]Kujtime Xholi, appellant, 
v
150 East 42 Holdings, LLC, et al., respondents.

Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
James J. Toomey, New York, NY, for respondents 150 East 42 Holdings, LLC, 150 E 42 Realty, LLC, AM 150 E 42 Realty, LLC, and Jones Lang LaSalle Americas, Inc.
Peter J. Verdirame, Long Island City, NY, for respondent Nouveau Elevators Industries, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated May 29, 2020. The order, insofar as appealed from, granted the motion of the defendant Nouveau Elevator Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it and that branch of the separate motion of the defendants 150 East 42 Holdings, LLC, 150 E 42 Realty, LLC, AM 150 E 42 Realty, LLC, and Jones Lang LaSalle Americas, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly was injured when she exited a service elevator in a building
owned by the defendant 150 E 42 Realty, LLC (hereinafter 150 E), and the door of the elevator closed on her. The defendant Jones Lang LaSalle Americas, Inc. (hereinafter Jones), managed the premises, and the defendant Nouveau Elevator Industries, Inc. (hereinafter Nouveau), was a company retained to maintain and repair the elevator.
The plaintiff commenced this action to recover damages for personal injuries. After discovery, Nouveau moved for summary judgment dismissing the complaint insofar as asserted against it, and 150 E, Jones, and other defendants which allegedly owned the premises (hereinafter collectively the building defendants) separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated May 29, 2020, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
"A property owner can be held liable for an elevator-related injury where there is a defect in the elevator, and the property owner has actual or constructive notice of the defect" [*2](Lanzillo v 4 World Trade Ctr., 195 AD3d 907, 908 [internal quotation marks omitted]; see Syrnik v Board of Mgrs. of the Leighton House Condominium, 198 AD3d 835, 836; Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d 765, 766). Similarly, "[a]n elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Rogers v Dorchester Assoc., 32 NY2d 553, 559; see Barcliff v Schindler El. Corp., 197 AD3d 1228, 1229; Lanzillo v 4 World Trade Ctr., 195 AD3d at 908).
Here, the evidence submitted by the defendants established, prima facie, that the elevator operated properly and was not defective, and that the building defendants did not have actual or constructive notice of any defect in the elevator that would have caused its door to strike the plaintiff (see Lanzillo v 4 World Trade Ctr., 195 AD3d at 908; Hussey v Hilton Worldwide, Inc., 164 AD3d 482, 484; Lasser v Northrop Grumman Corp., 55 AD3d 561, 562). The defendants' submissions also demonstrated, prima facie, that Nouveau lacked actual or constructive notice of the alleged defective condition, and that it did not fail to use reasonable care to correct a condition of which it should have been aware (see Lanzillo v 4 World Trade Ctr., 195 AD3d at 908; Daconta v Otis El. Co., 165 AD3d 753, 753-754).
In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert, which was speculative, lacking in foundation, and conclusory, was insufficient to raise a triable issue of fact (see Lanzillo v 4 World Trade Ctr., 195 AD3d at 908; Daconta v Otis El. Co., 165 AD3d at 754; Hussey v Hilton Worldwide, Inc., 164 AD3d at 484).
Moreover, the plaintiff failed to raise a triable issue of fact as to the defendants' liability under the doctrine of res ipsa loquitur (see Barcliff v Schindler El. Corp., 197 AD3d at 1229; Lanzillo v 4 World Trade Ctr., 195 AD3d at 908-909; Johnson v Nouveau El. Indus., Inc., 38 AD3d 611, 613).
Accordingly, the Supreme Court properly granted Nouveau's motion for summary judgment dismissing the complaint insofar as asserted against it and that branch of the building defendants' separate motion which was for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court