Jackson v Forest City Jay St. Assoc., L.P. (2023 NY Slip Op 04991)

Jackson v Forest City Jay St. Assoc., L.P.

2023 NY Slip Op 04991

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-04522
 (Index No. 505857/18 )

[*1]Raylene Jackson, plaintiff-respondent,
v
Forest City Jay Street Associates, L.P., et al., defendants-respondents, Schindler Elevator Corporation, appellant.

Keller, O'Reilly & Watson, P.C., Woodbury, NY (Patrick J. Engle of counsel), for appellant.
Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for plaintiff-respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Schindler Elevator Corporation appeals, and the defendants Forest City Jay Street Associates, L.P., and First New York Partners Management, LLC, separately appeal, from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 4, 2021. The order, insofar as appealed from by the defendant Schindler Elevator Corporation, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the appeal by the defendants Forest City Jay Street Associates, L.P., and First New York Partners Management, LLC, is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Schindler Elevator Corporation; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2018, the plaintiff commenced an action against the defendant Schindler Elevator Corporation (hereinafter Schindler) and a separate action against the defendants Forest City Jay Street Associates, L.P., and First New York Partners Management, LLC, to recover damages for personal injuries she alleged she sustained when an elevator in which she was a passenger malfunctioned and descended more rapidly than normal, coming to an abrupt stop. The plaintiff alleged that Schindler was responsible for maintenance of the elevator at issue. The two actions were later consolidated. Schindler moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated June 4, 2021, the Supreme Court, inter alia, denied Schindler's motion. Schindler appeals.
An elevator company, such as Schindler, which agrees to maintain an elevator in safe operating condition can be held liable to an injured passenger "for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which [*2]it ought to have found" (Rogers v Dorchester Assoc., 32 NY2d 553, 559; see Carter v Nouveau Indus., Inc., 187 AD3d 702, 703). Here, Schindler submitted evidence demonstrating, prima facie, that it did not have notice of a defect in the elevator that would have caused it to rapidly descend (see Barcliff v Schindler El. Corp., 197 AD3d 1228, 1229).
Contrary to the plaintiff's assertion, she did not demonstrate that the doctrine of res ipsa loquitur was applicable to the facts of this case (see Barcliff v Schindler El. Corp., 197 AD3d at 1229; Lanzillo v 4 World Trade Ctr., LLC, 195 AD3d 907, 908-909). Nonetheless, in opposition to the motion, the plaintiff raised a triable issue of fact. The plaintiff submitted, among other things, the affidavit of her expert, which raised a triable issue of fact as to whether Schindler was negligent in its inspection and/or maintenance of the elevator (see Barcliff v Schindler El. Corp., 197 AD3d at 1229; Pantoja v Lindsay Park Hous. Corp., 277 AD2d 365, 366).
Schindler's remaining contention is without merit.
Accordingly, the Supreme Court properly denied Schindler's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
DUFFY, J.P., BARROS, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court