## Burgess v LEC Consulting & Inspection Group Inc.

2024 NY Slip Op 31036(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 150411/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

INDEX NO. 150411/2020

RECEIVED NYSCEF: 03/29/2024

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. DAVID B. COHEN** | **PART** 58 |
| | *Justice* | |

---------------------------------------------------------------------------X

JANELLE BURGESS,

                          Plaintiff,

                   - v -

LEC CONSULTING AND INSPECTION GROUP INC, FIVE
STAR ELEVATOR TESTING INC., CHAMPION ELEVATOR
CORPORATION, CHAMPION ELEVATOR
CONSTRUCTION CORP.,

                          Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150411/2020 |
| **MOTION DATE** | 11/21/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104

were read on this motion to/for                    JUDGMENT - SUMMARY         .

     This is a personal injury case arising out of an elevator accident. Defendants Champion

Elevator Corporation and Champion Elevator Construction Corp. (together, "Champion") move

for summary judgment pursuant to CPLR 3212. Plaintiff opposes.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

     At approximately 10:50 a.m. on September 18, 2018, plaintiff alleges she was struck by a

closing elevator door at her place of employment, located at 37-11 Queens Boulevard, in

Queens, New York (NYSCEF 72).

     Champion was the elevator maintenance company in charge of maintaining the elevator

at issue (e.g., NYSCEF 83, ¶2), and the elevator had a single door that closed from left to right

from the perspective of a passenger getting onto the elevator car (NYSCEF 82). The elevator

was equipped with infrared light sensors that signaled the door to open when a passenger was

**150411/2020 BURGESS, JANELLE vs. LEC CONSULTING AND**
**Motion No. 003**

**Page 1 of 4**

[* 1]

crossing the threshold, interrupting the light while the door was closing. These sensors normally functioned within "milliseconds" (NYSCEF 91, ¶21).

According to plaintiff, after a passenger got off on the ground floor, she entered the car standing to the left of a friend and co-worker who got on at the same time (*id.*; NYSCEF 88, at pp. 40-50). Thus, plaintiff was standing closer to the point where the elevator door began to close, and before she fully entered the elevator, the closing door struck her.

A security footage video captured the accident. Champion alleges that the video shows that plaintiff's body had not fully crossed the threshold where the light sensors are located, which is why the sensors did not detect her presence and the door therefore struck her before retracting. Champion also asserts that plaintiff was looking towards her co-worker while chatting and, therefore, away from the location of the closing door and did not see it. Plaintiff argues that she had crossed the threshold and the sensors should have detected her presence, thereby keeping the door from closing on her.

Champion's expert asserts that the elevator performed in accordance with specifications and industry standards, based on a site inspection performed almost five years after the incident (NYSCEF 91). Plaintiff's expert contends that the elevator was defective, because its door did not properly retract when plaintiff's body came to a point where the sensors should have signaled the door to retract (NYSCEF 101).

The experts also disagree as to whether the video reflects that plaintiff had gone far enough into the car to cross the threshold where the sensors should have caused the door to retract. Champion's expert also calculates the force with which the door closed as less than that permitted by industry standards, and insufficient to knock plaintiff over under ordinary circumstances (NYSCEF 91 at ¶¶23-31), an opinion with which plaintiff's expert disagrees

**150411/2020   BURGESS, JANELLE vs. LEC CONSULTING AND**                    **Page 2 of 4**
   **Motion No.  003**

[* 2]

2 of 4

(NYSCEF 101, ¶14).  The experts further disagree as to whether Champion was on notice that there were problems with the elevator that needed to be addressed.

## II.      ANALYSIS

A party moving for summary judgment under CPLR 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).  The "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

Once the moving party has met this prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact (*Alvarez*, 68 NY2d at 324).  The moving party's "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*id.*).

An elevator maintenance company may be liable for failure to keep the elevator in safe operating condition if it does not correct conditions of which it has knowledge or fails to take reasonable care to discover and correct unsafe conditions (*Rogers v Dorchester Assocs.*,32 NY2d 553 [1973]; *Xholi v 150 E. 42 Holdings, LLC*, 218 AD3d 521 [2d Dept 2023]; *Sanchez v 1067 Fifth Ave. Corp.*, 192 AD3d 521 [1st Dept 2021]).

While Champion contends that it had no notice of any problem with the elevator door as it had not received any prior complaints about it, it submits no maintenance or inspection records, and thus fails to establish, prima facie, that it lacked notice of an unsafe condition related to the elevator (*see Stewart v World Elev. Co., Inc.*, 84 AD3d 491, 495 [1st Dept 2011] ["a defendant is not entitled to summary judgment on notice grounds where there is a failure to

**150411/2020   BURGESS, JANELLE vs. LEC CONSULTING AND**
  **Motion No.  003**

**Page 3 of 4**

[* 3]

3 of 4

present sufficient evidence regarding its maintenance procedures in respect of an allegedly malfunctioning elevator"]).

In any event, plaintiff submits evidence that the elevator was issued violations during routine inspections in 2013, 2016, and 2016, and was rated unsatisfactory during safety testing from 2014 to 2018 (NYSCEF 101), which present triable issues as to whether Champion was on notice of an unsafe condition related to the elevator.

In light of this result, there is no need to consider the parties' remaining arguments, including plaintiff's argument that the doctrine of res ipsa loquitur applies here.

Accordingly, it is hereby

ORDERED, that defendants Champion Elevator Corporation and Champion Elevator Construction Corp.'s motion for summary judgment is denied; and it is further

ORDERED, that the parties appear for a settlement/trial scheduling conference on August 7, 2024 at 9:30 am at 71 Thomas Street, Room 305, New York, New York.

| __3/29/2024__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **DAVID B. COHEN, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**150411/2020   BURGESS, JANELLE vs. LEC CONSULTING AND**
**Motion No.  003**

**Page 4 of 4**

[* 4]

4 of 4