Abramowitz v Stephen P. Esposito, M.D., P.C. (2025 NY Slip Op 00076)

Abramowitz v Stephen P. Esposito, M.D., P.C.

2025 NY Slip Op 00076

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-09177
 (Index No. 710173/16)

[*1]Linda Abramowitz, et al., appellants, 
v
Stephen P. Esposito, M.D., P.C., et al., respondents.

Dell & Dean, PLLC, Garden City, NY (Antonio Marano of counsel), for appellants.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Eileen M. Baumgartner of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered November 18, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Linda Abramowitz (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell from a single-step riser while exiting a building owned by the defendant S & D Realty of NY, Inc., where the defendant Stephen P. Esposito, M.D., P.C., was a tenant. Thereafter, the injured plaintiff, and her spouse suing derivatively, commenced this action against the defendants, inter alia, to recover damages for personal injuries. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order entered November 18, 2021, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"'In a premises liability case, a defendant ordinarily establishes its entitlement to summary judgment by showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Barretta v Michaels Stores, Inc., 230 AD3d 1208, 1209, quoting Alvarez v Staten Is. R.T. Operating Auth., 225 AD3d 830, 830-831). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (id., quoting Lucas v Genting N.Y., LLC, 227 AD3d 795, 795; see Osmolska v Giuseppa Morreale Family Trust, 230 AD3d 594; Gardell v Arden Ave. Homeowners Assn., 228 AD3d 834, 835). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Tanriverdi v United Skates of Am., Inc., 221 AD3d 630, 630-631 [internal quotation marks omitted]).
Here, the defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the complaint by submitting, inter alia, a transcript of the injured plaintiff's [*2]deposition testimony wherein she testified that she tripped off a step in front of a door and wound up on the ground, that she did not know what caused her to fall, and that the step was free of any cracks, dirt, debris, and/or refuse, which demonstrated that the injured plaintiff was unable to identify the cause of her fall without resorting to speculation (see Barretta v Michaels Stores, Inc., 230 AD3d at 1209; Grande v Won Hee Lee, 171 AD3d 877, 879; Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435).
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in declining to consider the plaintiffs' opposition papers on the ground they exceeded the word count limit imposed by 22 NYCRR 202.8-b(a) (see Taveras v Incorporated Vil. of Freeport, 225 AD3d 822, 823; Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126, 1127). Further, the court improvidently exercised its discretion in deeming the plaintiffs to have admitted to the factual allegations set forth in the defendants' statement of material facts based upon the plaintiffs' failure to include a counterstatement of material facts pursuant to 22 NYCRR 202.8-g(b) (see Taveras v Incorporated Vil. of Freeport, 225 AD3d at 823; McCarthy v Town of Massena, N.Y. [Massena Mem. Hosp.], 218 AD3d 1082, 1085; Leberman v Instantwhip Foods, Inc., 207 AD3d 850, 851).
Nevertheless, in opposition, the plaintiffs failed to raise a triable issue of fact. The affidavit of the plaintiffs' expert was speculative, without foundation, and conclusory (see Xholi v 150 E. 42 Holdings, LLC, 218 AD3d 521, 523; Lanzillo v 4 World Trade Ctr., 195 AD3d 907, 908; Daconta v Otis El. Co., 165 AD3d 753, 754).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court