Jackson v Schindler El. Corp. (2025 NY Slip Op 01359)

Jackson v Schindler El. Corp.

2025 NY Slip Op 01359

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-03644
 (Index No. 503755/19)

[*1]Shequita Jackson, appellant, 
v
Schindler Elevator Corporation, respondent, et al., defendants.

Latos, Latos & Associates, P.C., Astoria, NY (Marina Zapantis of counsel), for appellant.
Keller, O'Reilly and Watson, P.C., Woodbury, NY (Angela A. Cutone of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colon, J.), dated March 29, 2023. The order granted the motion of the defendant Schindler Elevator Corporation for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In February 2019, the plaintiff commenced this action against the defendant Schindler Elevator Corporation (hereinafter Schindler), among others, to recover damages for personal injuries she alleged she sustained in February 2018, when an elevator's doors closed on her in the first-floor lobby of Coney Island Hospital in Brooklyn. Schindler was a company retained to maintain the elevator.
After completion of discovery, Schindler moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed. In an order dated March 29, 2023, the Supreme Court granted Schindler's motion. The plaintiff appeals.
"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Rogers v Dorchester Assoc., 32 NY2d 553, 559; see Charles v Nouveau El. Indus., Inc., 228 AD3d 612, 614).
Here, in support of its motion, Schindler submitted sufficient evidence to establish, prima facie, that it lacked actual or constructive notice of the alleged defective condition, as there was no evidence of any such prior malfunction of the elevator, and that it did not fail to use reasonable care to correct a condition of which it should have been aware (see Xholi v 150 E. 42 Holdings, LLC, 218 AD3d 521, 522; Lanzillo v 4 World Trade Ctr., LLC, 195 AD3d 907, 908; Lasser v Northrop Grunman Corp., 55 AD3d 561, 562). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert, wherein he opined that the alleged [*2]accident was caused by a lack of proper maintenance of the elevator doors' detector edge, was speculative and conclusory and, therefore, insufficient to raise a triable issue of fact (see Xholi v 150 E. 42 Holdings, LLC, 218 AD3d at 523; Lanzillo v 4 World Trade Ctr., LLC, 195 AD3d at 908).
Moreover, the plaintiff failed to raise a triable issue of fact as to Schindler's liability under the doctrine of res ipsa loquitur (see Xholi v 150 E. 42 Holdings, LLC, 218 AD3d at 523; Barcliff v Schindler El. Corp., 197 AD3d 1228, 1229).
Accordingly, the Supreme Court properly granted Schindler's motion for summary judgment dismissing the complaint insofar as asserted against it.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court